UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO DISTRICT
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   Case No. 2:06cv824

Plaintiff,

MICHELLE WILSON and TAMARRA ROGERS,

Plaintiff-Interveners,

v.                                                                                  Judge Michael H. Watson

REGIS CORPORATION, D/B/A SMART STYLE
FAMILY HAIR SALON,

Defendant.

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission"), an agency of the United States government, filed this action, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("1991 CRA"). In its Complaint, the Commission alleged that Defendant Regis Corporation, D/B/A Smart Style Family Hair Salon ("Defendant" or "Regis"), violated Title VII and the 1991 CRA by discharging Interveners Wilson and Rogers in retaliation for their opposition to racially segregated work assignments and they suffered resulting damages.

Defendant waived service of Summons, received a copy of the Commission's Complaint filed in this matter, filed an Answer and for purposes of this Consent Decree only, admits the jurisdiction of this Court over the subject matter of this action.

The Commission, Plaintiff-Interveners and Defendant have conferred and resolved their differences and have advised this Court that they desire to resolve the allegations in EEOC's Complaint without the burden, expense and delay of further litigation.

Now, therefore, without trial or adjudication of any issue of fact or law raised by the Commission's Complaint, it is the finding of this Court that: (1) this Court has jurisdiction over the

CHI 11335067.1

parties and the subject matter of this action pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345; and (2) the provisions of Title VII and the 1991 CRA will be carried out by the implementation of this Decree and this Decree is entered into pursuant to Title VII and the 1991 CRA.

It is therefore DECREED as follows:

1. The term of this Decree shall be three (3) years, with the option of extensions of up to two years if the parties agree to an extension, or upon motion of any party, the Court determines that reasonable cause exists for the requested extension.

2. The provisions of this Decree shall apply to the SmartStyle hair salons and employees working in the SmartStyle hair salons in the area supervised by Kendra King, or her successor, including Salon Nos. 3531, 3543, 35003, 35035, 35036, 35041, 35042, 35044, 35063, 35078 and 35102. See Attachment C to this Decree for salon addresses.

3. During the term of this Decree, the Commission may review compliance with this Decree as follows:

(a) requiring written statements verifying compliance with this Decree every six (6) months;

(b) within twenty-one (21) calendar days after the EEOC so requests, mailing to the EEOC copies of records of each employee who complains of, or opposes, race discrimination, including discrimination in the provision of services, and the records of each employee who is terminated or suspended including the names, addresses, social security numbers, and telephone numbers of said employees; provided, however, that said records are relevant to the employee's complaint of or opposition to race discrimination, or to the employee's termination or suspension. Further, prior to providing the social security numbers of employees, the parties shall enter into a confidentiality agreement with similar confidentiality requirements and provisions as set forth in the Protective Order entered by the Court in this litigation.

(c) within twenty-one (21) calendar days after the EEOC so requests, inspecting Defendant's place(s) of business for the purpose of verifying that the required notices in Paragraph 8 are posted and inspecting evidence relevant to compliance with this Decree; provided however, that if the

EEOC enters Regis' premises to verify compliance, it shall request permission of the salon manager to see the notice or inspect the premises, and if the manager is not present, ask a stylist to call the salon manager or area supervisor to advise one of them of EEOC's request for inspection; and

(d) within twenty-one (21) calendar days after the EEOC so requests, providing the EEOC with the home addresses, social security numbers, and phone numbers of non-supervisory employees so that the EEOC can conduct interviews to determine Regis' compliance with this Decree. Prior to providing the social security numbers of employees, the parties shall enter into a Confidentiality Agreement with similar confidentiality requirements to the Protective Order entered by the Court in this litigation. In the event the EEOC is unable to contact a non-supervisory employee for purposes of verifying compliance with this Decree, it shall so notify Regis and Regis shall, within five (5) business days, provide the EEOC with the non-supervisory employee's scheduled hours of work over the next fourteen (14) day period, to the extent known, so that the EEOC can conduct these interviews at the employee's breaks, at the end of the day, or at some other time convenient to the employee and the EEOC. Within twenty-one (21) calendar days after the EEOC so requests, Regis agrees to require its supervisory employees to participate in interviews during the employees' work hours either by telephone or at a location no farther than ten (10) miles from the supervisory employees' assigned salons. Regis agrees that it will not discourage employees from participating in interviews with the EEOC.

4. Defendant, its officers, agents, employees, successors, assigns and all others in active concert with them, shall not discriminate against Michelle Wilson, Tamara Rogers and all other employees similarly situated, for their protected opposition activity, and from engaging in any other employment practice which discriminates on the basis of retaliation.

5. All terms and conditions of employment shall be maintained and conducted by Defendant in a manner which does not discriminate in violation of Title VII and the 1991 CRA.

6. Nothing in this Decree shall preclude the Commission or Plaintiff-Interveners from bringing suit to enforce the terms of the Decree; nor shall this Decree preclude future action by the Commission or other persons to remedy any other alleged violations of Title VII and the 1991 CRA

CH1 11335067.1

by the Defendant.

7. This Decree, being entered with the consent of the Equal Employment Opportunity Commission and the Defendant, shall not constitute an adjudication or finding on the merits of this case nor shall it be deemed an admission by Defendant of any violation of Title VII and the 1991 CRA.

8. Defendant shall post copies of Attachments A (Notice to All Employees) and B (EEOC's "Retaliation Information") to this Decree on the bulletin boards usually used by Defendant for communicating with employees at its salons covered by this Decree. The Attachments shall remain posted for the duration of this Decree. Within sixty (60) days of the entry of this Decree, Defendant will distribute a copy of Attachment A to each employee.

9. Within thirty (30) days of the entry of this Decree, Defendant will revise its "No Retaliation" policy (such as the policy on page 13 of the SmartStyle U.S. New Employee Orientation Packet) to include "opposing" and "discrimination, including discrimination in job assignment and the provision of services" as stated bases of prohibited retaliation, or words to that effect.

As a further part of its "No Retaliation" policy, Defendant shall, within ninety (90) days of the entry of this Decree, implement a policy and a procedure such that all adverse employment actions including without limitation, terminations, regarding persons who have complained about or provided information about race discrimination, including discrimination in provision of services, are reviewed by Smartstyle's Salon Director in conjunction with Regis' in-house employment counsel to assure that such actions are not retaliatory. In the event salon management determines that it is necessary to immediately remove an employee from the salon who has complained about or provided information about race discrimination, including discrimination in provision of services, because the employee's on-the-job conduct disrupts the salon or endangers the safety of staff or customers, the employee may be suspended pending termination to enable a review by the Salon Director and Regis' in-house employment counsel to ensure that the proposed termination is not retaliatory.

10. Defendant agrees that within 6 months after the Court's approval of the Decree it shall

4

create a training DVD addressing discrimination in the provision of services and opposition to same. Following completion, said DVD shall be made a part of Defendant's required training for new employees at its salons.

11. Within one hundred twenty (120) days of the entry of this Decree, Defendant's area supervisors and regional managers responsible for salons subject to this Decree, shall attend a training session on the issue of retaliation, covering at a minimum each of the matters discussed in Attachments A and B.

12. Defendant will report in writing to the Associate Regional Attorney, Equal Employment Opportunity Commission, Cleveland Field Office, The AJC Federal Office Building, 1240 East 9th Street, Room 3001, Cleveland, Ohio 44199, when the undertakings outlined in paragraphs eight (8) through eleven (11) of this Decree have been completed. The report will describe the manner in which the undertakings were carried out, including the names of the supervisors and manager receiving the training under paragraph eleven (11) above including the training date(s), training location(s), identification of the trainer and copies of the training script, agenda, handout or slide show. This report shall be submitted not later than one hundred (180) days from the date of this Decree. As new area supervisors or regional managers are hired for salons subject to this Decree, they too will receive the training described in this paragraph, except that Defendant shall not be required to provide said training more often than every 12 months.

13. Defendant shall, during the term of this Decree, submit to The Commission semi-annual reports listing the names of the newly-hired area supervisors and regional managers receiving the training under paragraph eleven (11) above including the training date(s), training location(s), identification of the trainer and copies of the training script, agenda, handout, video, audio or slide show. The first semi-annual report is due six (6) months and thirty (30) days after the date of this Decree, and thereafter reports are due every six (6) months covering the term of this Decree.

14. Within twenty-one (21) calendar days of receipt of an executed copy of the Release and Waiver Agreements and the Court's approval and entry of this Consent Decree, Defendant shall pay the gross amount of $100,000 to Plaintiffs-Interveners Tamarra Rogers, Michelle Wilson and

5

their counsel Alexander M. Spater, in settlement of all claims for back pay, compensatory damages, attorneys' fees and any other monetary relief, less lawful withholding deductions, if any, for federal, state and local taxes, including Social Security withholding or other statutory amounts normally deducted from wages with respect to any portion of the gross amounts attributable to back pay.

15. The payments above shall be made by delivery to the Interveners' attorney, Alexander M. Spater, as Trustee for the Interveners. Both payments shall be accompanied by statements detailing the gross amount, itemization and identification of all deductions for withholding, and the net amount. Defendant shall, at the time payments are made, deliver copies of the payments and accompanying statements to the Associate Regional Attorney, Equal Employment Opportunity Commission, Cleveland Field Office, The AJC Federal Office Building, 1240 East 9th Street, Room 3001, Cleveland, Ohio 44199. Defendant shall deliver the appropriate W-2 form (with respect to amounts deemed backpay) and Form 1099 (with respect to amounts deemed compensatory or other damages and attorneys' fees) to Interveners and their attorney, in the year following payments at the time required by law by mailing same to the individual Interveners or their attorney, as applicable.

16. In order to receive any relief pursuant to the terms of this Decree, each Plaintiff-Intervener must sign a Release and Waiver, in a form acceptable to Defendant and Plaintiff-Interveners.

17. Plaintiff Interveners will direct all potential employers making an inquiry regarding their employment at SmartStyle to Scott Oremland, Vice-President/Salon Director, Smartstyle, at Regis' corporate office in Minneapolis, Minnesota, and Defendant will limit its references, whether oral or written, to potential employers of Plaintiff Interveners with the following neutral reference information: dates of employment and last position held.

18. This Court shall retain jurisdiction of this case for purposes of compliance with this Decree and entry of such further orders 'as may be necessary or proper to effectuate the purposes of this Decree.

19. Each party to this action shall bear its own costs and fees, including bearing its own attorneys fees.

CH1 11335067.1

IT IS SO ORDERED THIS _9th_ day of _November_, 2007.

_____
United States District Judge

7

CH1 11335067.1

## ATTACHMENT A

### NOTICE TO ALL EMPLOYEES

This notice to all employees is being posted as part of the remedy agreed to between Regis Corporation, D/B/A Smart Style Family Hair Salon and the Equal Employment Opportunity Commission in settlement of an employment discrimination suit.

Federal law requires that there be no discrimination or retaliation against any employee or former employee because of the employee's reporting or opposing race discrimination, including discrimination in job assignments and in the provision of services.

It is Regis' policy to maintain a working environment free of race discrimination, discrimination in provision of services and retaliation. All incidents of race discrimination, including discrimination in provision of services, will be promptly and thoroughly investigated and appropriate action will be taken by Regis. Any officer or employee who engages in or permits race discrimination, discrimination in provision of services or retaliation against employees who report or oppose such discrimination, will be subject to appropriate corrective action, up to, and including discharge.

The importance of fulfilling this policy cannot be overemphasized. Any violation of the letter or spirit of this policy by any officer or employee of Regis, will result in corrective action including, when appropriate, discharge.

CH1 11335067.1

## ATTACHMENT B

*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA'.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an adverse action against a covered individual because he or she engaged in a protected activity. These three terms are described below.

**Adverse Action**

> An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:
>
>> employment actions such as termination, refusal to hire, and denial of promotion,
>>
>> other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and
>>
>> any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.
>
> Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.
>
> Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.
>
> Of course, employees are not excused from continuing to perform their jobs or follow their company's legitimate workplace rules just because they have filed a complaint with the EEOC or opposed discrimination.

**Covered Individuals**

> Covered individuals are people who have opposed unlawful practices, participated in proceedings, or requested accommodations related to employment discrimination based on

race, color, sex, religion, national origin, age, or disability. Individuals who have a close association with someone who has engaged in such protected activity also are covered individuals. For example, it is illegal to terminate an employee because his spouse participated in employment discrimination litigation.

Individuals who have brought attention to violations of law other than employment discrimination are NOT covered individuals for purposes of anti-discrimination retaliation laws. For example, "whistleblowers" who raise ethical, financial, or other concerns unrelated to employment discrimination are not protected by the EEOC enforced laws.

**Protected Activity**

Protected activity includes:

### Opposition to a practice believed to be unlawful discrimination

Opposition is informing an employer that you believe that he/she is engaging in prohibited discrimination. Opposition is protected from retaliation as long as it is based on a reasonable, good-faith belief that the complained of practice violates anti-discrimination law; and the manner of the opposition is reasonable.

Examples of protected opposition include:

> Complaining to anyone about alleged discrimination against oneself or others;
>
> Threatening to file a charge of discrimination;
>
> Picketing in opposition to discrimination; or
>
> Refusing to obey an order reasonably, believed to be discriminatory.

Examples of activities that are NOT protected opposition include:

> Actions that interfere with job performance so as to render the employee ineffective; or
>
> Unlawful activities such as acts or threats of violence.

### Participation in an employment discrimination proceeding.

Participation means taking part in an employment discrimination proceeding. Participation is protected activity even if the proceeding involved claims that ultimately were found to be invalid. Examples of participation include:

> Filing a charge of employment discrimination;
>
> Cooperating with an internal investigation of alleged discriminatory practices; or
>
> Serving as a witness in an EEO investigation or litigation.

A protected activity can also include requesting a reasonable accommodation based on religion or disability.

2

## Retaliation Statistics

In Fiscal Year 2004, EEOC received 22,740 charges of retaliation discrimination based on all statutes enforced by EEOC. The EEOC resolved 24,751 retaliation charges in 2004, more than were filed during the course of the Fiscal Year, and recovered more than $90 million in monetary benefits for charging parties and other aggrieved individuals (not including monetary benefits obtained through litigation).

## **ATTACHMENT C**

| Salon | Address | City | State | Zip |
|---|---|---|---|---|
| 3531 | 8659 COLUMBUS PIKE | LEWIS CENTER | OH | 43035 |
| 3543 | 2793 TAYLOR RD | REYNOLDSBURG | OH | 43068 |
| 35003 | 3900 MORSE RD | COLUMBUS | OH | 43219 |
| 35035 | 1221 GEORGESVILLE RD | COLUMBUS | OH | 43228 |
| 35036 | 6674 WINCHESTER BLVD | CANAL WINCHESTER | OH | 43110 |
| 35041 | 1546 MARION MT GILEAD RD | MARION | OH | 43302 |
| 35042 | 5200 WESTPOINTE PLAZA DR | COLUMBUS | OH | 43228 |
| 35044 | 1693 STRINGTOWN RD | GROVE CITY | OH | 43123 |
| 35063 | 1575 COSHOCTON AVE | MOUNT VERNON | OH | 43050 |
| 35078 | 555 COLEMANS XING | MARYSVILLE | OH | 43040 |
| 35102 | 3657 E MAIN | WHITEHALL | OH | 43213 |